**Richard N. BERNIGER, Plaintiff,**

v.

**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 90–C–2253.**

United States District Court, D. Colorado.

Oct. 8, 1991.

Andrew MacDonald, Asst. County Atty., Boulder, Colo., for Boulder County Sheriff's Dept.

John Rossi, Aurora, Colo., for plaintiff.

Steven Napper, Denver, Colo., for defendant.

### ORDER

RICHARD M. BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on October 3, 1991 for hearing. Argument was presented by counsel, and this matter was then taken under advisement.

## STATEMENT OF FACTS

Plaintiff has filed this action under the Federal Employers' Liability Act. 45 U.S.C. § 51, *et seq.* Plaintiff alleges in his complaint that he was employed by Defendant on July 16, 1990. On that date, he was working on a right-of-way crew near Steamboat Springs, Colorado. He alleges that he injured his back when he had to use a pick to break up ground near a grade crossing. He alleges that Defendant was negligent in not using trenchers for the job that he was doing, rather than simply picks and shovels.

During the course of preparation for trial, counsel for Defendant discovered that Plaintiff had applied for employment with the Boulder County Sheriff's Department (Department) in January, 1991. During the application process, Plaintiff was required to undergo a medical and psychological examination, as well as a background check and polygraph examination. Ultimately, Plaintiff was not offered a position with the Department.

Counsel for Defendant then served a subpoena duces tecum upon Lt. Trevor of the Department. That officer is the records custodian for the Department. Shortly after the subpoena was served, the motion for protective order was filed by the Boulder County Attorney's Office on behalf of the Department. The motion was then brought before the Court for hearing.

## RESOLUTION OF THE MOTION FOR PROTECTIVE ORDER

█ In the motion for protective order, the Department argues that it should not be required to produce any records made in conjunction with Plaintiff's employment application. Several reasons are advanced, but basically they boil down to two. First, it is argued that the Colorado Open Records Act does not require production under the provisions of *Colo.Rev.Stat.* § 24-72-204. Second, it is argued that Lt. Trevor, as custodian for the Department, has discretion and that he does not wish to produce the records, as their production would compromise the examination and hiring process for his department.

The first argument is that the records need not be produced due to *Colo.Rev.Stat.* § 24-72-204(3). The specific part of that section relied upon reads, in part, as follows:

(a) The custodian shall deny the right of inspection of the following, **unless otherwise provided by law;** except that any of the following records, other than letters of reference concerning employment, licensing, or issuance of permits, shall be available to the person in interest under subsection (3):

(I) Medical, psychological, sociological, and scholastic achievement data on individual persons, exclusive of coroners' autopsy reports and group scholastic achievement data from which the individual cannot be identified; but either the custodian or the person in interest may request a professionally qualified person, who shall be furnished by the said custodian, to be present to interpret the records. (emphasis added).

The Department argues that this section allows it to withhold the documents, as Defendant is not the party in interest and no release has been received from Plaintiff. Further, this section, it is argued, allows a basis for refusing production of the documents to a third party and requires that any request be handled under the Colorado Open Records Act. *Colo.Rev.Stat.* § 24-72-201, *et seq.*

The Department relies on the Colorado Court of Appeals' decision in *People in Interest of A.A.T.,* 759 P.2d 853 (Colo.App. 1988) in arguing that there is no jurisdiction in this Court for resolution of the records question. The Department concedes that the situation would be different if it were a party, but it is not. This Court believes that the Department reads *A.A.T.* too narrowly and that there is jurisdiction in this Court to resolve the document production issue.

Review of case law under the Colorado Open Records Act leads to a different conclusion than that advanced by the Department. In *Martinelli v. Dist. Court in & for City of Denver,* 199 Colo. 163, 612 P.2d 1083 (1983), the Colorado Supreme Court

had to construe the intent of the Colorado General Assembly in enacting the Act. The court noted:

The open records laws regulate, as a general matter, the inspection and copying of governmental records by "any person," without limitation as to the reason or reasons for which the inspection is undertaken. However, the legislature was careful to limit key provisions of the open records laws, making these provisions applicable except as "otherwise provided by law" or except as "prohibited by rules promulgated by the supreme court or by the order of any court."

*Id.* 612 P.2d at p. 1093. The court then went on to fashion a procedure for examination of records of police officers to provide some privacy in personnel matters, while allowing proper discovery as to prior abuse reports and similarly related matters. The court held that the Act did not exempt such information from civil discovery. *Id.* at p. 1094.

Examination of two federal cases also leads to a similar conclusion. See *Denver Policemen's Protective Ass'n v. Lichenstein*, 660 F.2d 432 (10th Cir.1981); *Morrison v. City and Cty of Denver*, 80 F.R.D. 289 (D.Colo.1978). In both cases, the courts found that the Colorado Open Records Act did not place off-limits all police files. Each case had to be resolved on its own merits. The reasoning of Judge Kane in *Morrison* is particularly compelling.

The Colorado Public Records Act itself authorizes inspection and affords no basis for defendants' motion. The Act was never intended to thwart discovery in litigation. In fact, ample provision is made in the wording of the statute itself. '73 C.R.S. 24–72–203 provides:

"(1) *All* public records *shall* be open for inspection by any person at reasonable times, except as provided in this part 2 *or as otherwise provided by law....*"

The Rules of Civil Procedure are laws which provide for the inspection and discovery of any matter, not privileged, which is relevant to any claim or defense even if such information would be inadmissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. (emphasis supplied).

*Id.* at p. 291. The section relied upon by the Department specifically includes the phrase "unless otherwise provided by law." This Court agrees with Judge Kane's rationale in *Morrison* and holds that there is no specific denial of access to these records by the Colorado Open Records Act when pretrial discovery is on-going. Further, there is no basis to believe that "except as otherwise provided by law" is limited solely to discovery requests made to a party in a case.

■ The second issue is tougher. Counsel for the Department argues that discretion is granted by the Colorado Open Records Act to custodians and that the public interest would be compromised by release of these records. The Department concedes that some of the documents held by it would be relevant to this case, as Plaintiff is alleging that he cannot return to railroad work. Even though relevant, the Department argues that its ability to properly hire officers would be severely jeopardized if all records were open to the public or, at the very least, to third-parties involved in litigation with the interested individual.

There is no question that competing interests are involved in this case. The Federal Employers' Liability Act reflects a determination by Congress that railroad employees are to be able to seek compensation for injuries. As with other Congressionally-mandated programs, federal courts have been reluctant to limit pretrial discovery when there is a need to search for the truth of allegations. See *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990).

There is also a need, though, to be cognizant of a custodian's concerns. Indeed, the Colorado Open Records Act grants reasonable discretion to a custodian. See *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991) (custodian's denial of access to test upheld, as test was going to be used

again with a different group of applicants). In certain instances, that discretion may be accorded full weight as to a determination for non-release.

In this case, the custodian with the Department has raised some appropriate and significant concerns. Those concerns warrant consideration of what has been requested (all records were requested by Defendant) and entry of an appropriate confidentiality order. From what has been presented by the parties, the Court finds that the following records are relevant and should be produced pursuant to the subpoena duces tecum: Plaintiff's application reflecting the information he provided to the Department; the medical examination (except mental impressions made by the physician or other health care provider); and data from psychological testing.[1] Other documents, including background checks, letters of reference, and polygraph examination results, need not be produced. The Court agrees that the public interest in protecting the hiring process is appropriate and necessary, and this order has attempted to protect that process while allowing appropriate review of relevant information to this case.

IT IS HEREBY ORDERED that the Motion for Protective Order filed by the Boulder County Sheriff's Department is granted, in part, as set forth in this order, and only Plaintiff's application, the medical examination, and raw data from standardized psychological testing need be produced pursuant to Defendant's subpoena duces tecum; and

IT IS FURTHER ORDERED that Plaintiff, Plaintiff's counsel, and Defendant's counsel are placed under a confidentiality order as to documents produced from the Boulder County Sheriff's Department and those records are not to be examined by anyone else, except professionals secured

by counsel, unless by further order of this Court.

THE PARTIES ARE ADVISED that they may seek a review of this order by filing a written objection with the assigned District Judge pursuant to 28 U.S.C. § 636, provided the same is filed within ten days of service of this order.

---

1. During the course of the hearing, the Court asked counsel for the Department if he knew what tests had been administered. He said that he did not. Raw data from standardized psychological tests, such as the Minnesota Multiphasic Personality Inventory, Thematic Apperception Test, and Rorschach, will provide a different psychologist or mental health care professional with appropriate information for review. Mental impressions that were given to the Department from its psychologist, as well as related non-standardized materials, would compromise future testing and need not be produced.